**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHAWN M. MILES,

     Plaintiff,              CIVIL ACTION NO. 07-CV-12959

  vs.                     DISTRICT JUDGE THOMAS L. LUDINGTON

                            MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion for Summary Judgment (docket no. 13) should be DENIED, that of Defendant (docket no. 9) GRANTED, and the case DISMISSED.

\*\*\*

Plaintiff filed an application for Disability and Disability Insurance Benefits on December 4, 2002, alleging that she had been disabled and unable to work since February 6, 2002 as a result of degenerative arthritis, spinal impairments, thyroid problems and emphysema. (TR 47, 64). The Social Security Administration denied benefits. (TR 31). A requested *de novo* hearing was held on August 25, 2004 before an administrative law judge. (TR 505). The administrative law judge subsequently found that the claimant had the residual functional capacity (RFC) to perform a significant range of light work existing in the economy and was not entitled to a period of disability or Disability Insurance Benefits because she was not under a disability at any time through the date of the January 20, 2005 decision. (TR 514). The Appeals Council granted review of the ALJ's decision. (TR 522). The Appeals Council remanded the case to the administrative law judge for additional proceedings. (TR 522-24).

On remand, a supplemental hearing was held before Administrative Law Judge Thomas L. English (ALJ) on August 4, 2005. (TR 16). In a decision dated March 29, 2006, the ALJ concluded that Plaintiff had the RFC to perform a limited range of light work and there are substantial jobs existing in the national economy which Plaintiff can perform. (TR 24).

Defendant filed a motion for summary judgment on January 25, 2008. (Docket no. 9). Plaintiff had two extensions of time to file her Motion for Summary Judgment. Plaintiff missed both of them, including the most recent order dated February 29, 2008 on which the Court noted clearly in bold text at the top "NO FURTHER EXTENSIONS WILL BE GIVEN." (Docket no. 12). Plaintiff's Motion for Summary Judgment was due on March 5, 2008. (Docket no. 12). Without seeking further leave of Court Plaintiff filed her Motion for Summary Judgment on March 11, 2008. (Docket no. 13).

Notwithstanding Plaintiff's disregard of the Court ordered deadline for submitting her Motion for Summary Judgment, the Court will consider Plaintiff's arguments on the merits for two reasons. First, this case has a lengthy procedural history. The Court finds, after reviewing the record and evidence before it, that the ALJ's decision was based on substantial evidence. Reasons of efficiency and an interest in a final disposition of this matter weigh in favor of allowing a substantive review on the merits, rather than striking Plaintiff's pleading altogether for her disregard of the Court ordered deadline. Second, Defendants have filed a timely Reply brief responding to the issues raised in Plaintiff's Motion for Summary Judgment. (Docket no. 14). Therefore, Defendant had an opportunity to respond to the issues raised by Plaintiff and the Court has the benefit of each parties' analysis of the issues.

Plaintiff raised limited issues on appeal, as set forth in the Analysis below. Issues not raised on appeal are deemed abandoned. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Upon review of the Record, the Court adopts Defendant's statement of the facts and analysis as to its finding that the ALJ's decision is supported by substantial evidence[1]. (Docket no. 9). The Court analyzes in further detail below the specific issues appealed by Plaintiff and the supporting evidence.

Plaintiff was 36 years old at the time of the August 4, 2005 hearing. (TR 635). Plaintiff has a tenth grade education and can read and write. (TR 637). Plaintiff has prior work experience in housekeeping and as a machine operator spot welder. (TR 637). Plaintiff testified that she was injured at work on February 6, 2002. In September 2002 Plaintiff suffered further back injury when she fell getting out of a tub. (TR 126). Plaintiff testified that she suffers from degenerative osteoarthritis in her spine, degenerative disc disease, patella femoral syndrome, arthritis, emphysema, asthma, chronic obstructive pulmonary disease, thyroid disease and mental depression. (TR 638). At the hearing, the ALJ inquired extensively into Plaintiff's mental health treatment history including past suicidal ideation. (TR 640-42).

**ADMINISTRATIVE LAW JUDGE'S DETERMINATION:**

The ALJ found that although Plaintiff was insured for benefits through September 30, 2007, had not engaged in substantial gainful activity since the alleged onset date, and suffered from degenerative disk disease of the lumbar spine, status-post laminectomy L4-5, asthma/chronic obstructive pulmonary disease, arthritis, obesity and depression, considered severe impairments, she

---

[1]Plaintiff's procedural background contains incorrect dates for the administrative hearings in this matter. (Docket no. 13 at 4).

did not have an impairment or combination of impairments that met or equaled the Listing of Impairments. (TR 21). Additionally, the ALJ found that Plaintiff's statements about her limitations were not entirely credible. (TR 23). The ALJ found that Plaintiff was not capable of performing her past relevant work. (TR 23). However, the ALJ found that she retained the residual functional capacity to perform a significant range of light work and that there were a significant number of jobs in the economy which she could perform. (TR 23). Therefore, she was not suffering from a disability under the Social Security Act. (TR 24-25).

**STANDARD OF REVIEW:**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter

differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Commissioner*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

**DISCUSSION AND ANALYSIS:**

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) she was not presently engaged in substantial gainful employment; and

(2) she suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) she did not have the residual functional capacity to perform her relevant past work.

*See* 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). If Plaintiff's impairments prevented her from doing her past work, the Commissioner, at step five, would consider her residual functional capacity ("RFC"), age, education and past work experience to determine if she could perform other work. If she could not, he would be deemed disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualification to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert

5

testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

Plaintiff argues that the ALJ erred by failing to consider her claim on the basis of a non-exertional disability. Plaintiff states that the ALJ never considered the medical information submitted from Plaintiff's doctors and failed to consider evidence submitted after 2003, specifically a December 9, 2003 report by Hunter Genia, MSW, CSW. Finally, Plaintiff argues that the Appeals Council erred by failing to consider as new evidence an August 9, 2006 report from Behavioral Health Program and signed by Dr. Kathleen Regan and Danna Scott-Hicks, MA, LPC. These issues constitute the entirety of Plaintiff's appeal of the ALJ's March 29, 2006 final decision.

***Whether The ALJ Erred By Failing To Consider Plaintiff's Claim On The Basis Of A Non-Exertional Limitation***

Plaintiff argues that the ALJ failed to consider Plaintiff's non-exertional limitations. However, Plaintiff does not identify a non-exertional limitation that the ALJ failed to consider. Plaintiff only generally alleges that the ALJ "never considered the medical information submitted from the Plaintiff's doctors, only the reports of the state agency doctor, and Dr. Sperl, Plaintiff's IME doctor, for her workers' compensation case." (Docket no. 13). On the contrary, the ALJ not only considered Plaintiff's non-exertional limitations, but included them in the RFC. The ALJ found that Plaintiff has the RFC to lift and/or carry up to twenty pounds occasionally and ten pounds frequently[2], requires a sit/stand option at will, cannot engage in repetitive bending, twisting, turning, climbing, squatting, or kneeling, cannot perform prolonged walking, standing or lifting, is limited to simple one, two or three step instructions and has limited concentration. The exertional and non-

---

[2]Light exertion work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

exertional limitations are supported by substantial evidence in the record. The exertional limitations regarding lifting and/or carrying are consistent with a state agency Physical Residual Functional Capacity Assessment dated May 5, 2003 and the sit/stand and walking limitations are more restrictive than the state agency assessment and address Plaintiff's testimony that she can only stand or sit for ten to fifteen minutes before she starts having muscle spasms in her back. (TR 228-29, 638-39). The ALJ concluded that Plaintiff has mild to moderate deficiencies in concentration, persistence or pace as shown by her testimony that her medication makes her groggy. (TR 22, 643). This conclusion is supported by the state agency Psychiatric Review Technique dated August 16, 2003, finding that Plaintiff had only mild functional limitations and no episodes of decompensation[3]. (TR 236-50). Plaintiff has not shown any evidence contradicting the limitations set forth in the RFC or supporting her argument that there are other restrictions which the ALJ did not consider.

As set forth above, the ALJ determined that Plaintiff has the RFC to perform a limited range of sedentary work. Due to the Plaintiff's non-exertional limitations, the ALJ properly referenced the regulations, Pt. 404, Subpt. P, App. 2, Rule 202.17, 20 C.F.R. § 404.1569 as a framework which would direct a conclusion of "not disabled" and further relied on the Vocational Expert's (VE) testimony to determine what effect Plaintiff's non-exertional limitations would have on the number of jobs available in the economy. (TR 24). In a hypothetical question posed to the VE, an ALJ is required to incorporate only those limitations which he finds credible and supported by the record

---

[3] The restriction to simple one, two and three step instructions and limitations with regard to concentration were not present in the January 20, 2005 RFC, indicating that the ALJ properly took into account Plaintiff's additional mental health records and ensuing limitations as directed by the Appeals Council. (TR 20-21, 522).

and the ALJ did so. *See Casey v. Sec'y of Health and Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993).

The ALJ presented all of the limitations of the RFC in his hypothetical question to the VE, including the need for a sit/stand option "at the Claimant's will as needed by her conditions" and limitations "in understanding, remembering and carrying out detailed instructions and therefore [requiring] simple one, two or three step instructions with limited concentration." (TR 655). The VE testified that such an individual would not be capable of performing Plaintiff's prior work, but that there are a wide variety of jobs available in Michigan for a person with these limitations. (TR 656). The ALJ's RFC is supported by substantial evidence and the ALJ properly relied on the VE's testimony to find that there are significant number of jobs available which Plaintiff can perform.

### ***Whether the ALJ Erred in Failing to Mention All Medical Evidence of Record***

Plaintiff states that the ALJ never considered the medical information submitted from Plaintiff's doctors, failed to consider evidence submitted after 2003, and specifically failed to consider a December 9, 2003 report issued by Hunter Genia, MSW, CSW. The ALJ is required to consider the applicant's medical situation as a whole. *See Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004). Although the ALJ is not required to discuss every piece of evidence in the record, an ALJ should discuss evidence that, if believed, could lead to a finding of disability. In reviewing the ALJ's decision, the Court must scrutinize the record in its entirety. *See Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992). Noteworthy is the absence in Plaintiff's Motion and Brief of the identification of any single piece of medical evidence that was ignored and, if considered, would have lead to a finding of disability or the need for limitations more severe than those in the ALJ's

8

RFC. It is not practicable for the ALJ to reproduce in his decision every piece of evidence in the record, but only that which, if believed, could lead to a finding of disability.

Contrary to Plaintiff's unsupported assertion, the ALJ thoroughly considered the evidence from Plaintiff's doctors spanning a time period from February 6, 2002 when she reported to Urgent Care for muscle spasms in her back, through October 24, 2005, including a variety of evidence consisting of treatment notes, reports and test results relating to back problems and pain, neck pain, knee pain, asthma, depression and other mental health issues. (TR 19-22, 99-103). The ALJ's decision includes extensive citation to Dr. Field's treatment records from February 9, 2004 through October 2005. (TR 19-20, 22). Plaintiff does not name any particular doctor whose evidence was not considered by the ALJ.

Plaintiff alleges that the ALJ failed to consider Genia's December 9, 2003. (Docket no. 13 at 8). The citation which Plaintiff provides is page 373 of the Transcript. (TR 373). Contrary to Plaintiff's argument, the ALJ specifically cited this report by exhibit letter, date, and specific diagnoses. (TR 20). Plaintiff does not explain how this report would have affected the ALJ's finding that Plaintiff was not disabled. Indeed, there is no substantial evidence in this report of disability, and it does not include additional limitations on Plaintiff's ability to work. The ALJ properly considered this report in his decision.

***Whether Plaintiff is Entitled To A Sentence Six Remand On The Basis Of Dr. Regan's August 9, 2006 Report***

Plaintiff argues that the Appeals Council erred in failing to consider Dr. Regan's August 9, 2006 letter to Plaintiff's attorney regarding Plaintiff's mental state. (TR 567). Plaintiff provides no legal support for this assertion. The August 9, 2006 letter is dated after the ALJ's most recent decision. Regarding the issue of new evidence, the "court is confined to review evidence that was

available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002). The party seeking remand has the burden of showing that it is warranted. *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (*citing Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)). "In order for the claimant to satisfy his burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711 (*citing Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)). "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 974 F.2d at 685 (*citing Sizemore*, 865 F.2d at 712).

As set forth above, Plaintiff has offered no explanation for failing to provide this information prior to the ALJ's decision and further, Plaintiff has offered no explanation as to how this evidence is material. The letter states that Dr. Regan and Scott-Hicks are concerned for Plaintiff's "emotional health due to the financial hardship she is enduring." (TR 567). They report that Plaintiff was

10

severely depressed and that Plaintiff reported "thinking of suicide roughly three times per week," was suffering from insomnia and was unable to fall asleep without the use of sleeping pills and had developed an eating disorder. (TR 567). They also report that the only thing stopping Plaintiff from committing suicide are her children and her faith in the Catholic Church. The report does not address a specific time period and does not show that the information is relevant to the period prior to the ALJ's March 29, 2006 decision. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988). Further, the ALJ considered evidence from the same mental health treatment provider in its March 2006 decision, including Plaintiff's September 2003 threats of suicide. (TR 20). The evidence does not indicate the time period to which it relates and it is not new. Plaintiff has not shown "good cause" for failing to provide this document earlier. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). Finally, the Court does not find that this document is material. Therefore, the Court will deny Plaintiff's request to remand this case for consideration of the August 9, 2006 letter.

**CONCLUSION**

In sum, the Commissioner's decision to deny benefits is supported by substantial evidence and there is insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment (docket no. 13) should be denied, that of Defendant (docket no. 9) granted and the instant Complaint dismissed.

**REVIEW OF REPORT AND RECOMMENDATION:**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes

a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 07, 2008     s/ Mona K. Majzoub
                                                            MONA K. MAJZOUB
                                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 07, 2008     s/ Lisa C. Bartlett
                                                          Courtroom Deputy