UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN M. MILES,

        Plaintiff,

                                    Case Number 07-12959-BC
v.                                    Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____ /

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

On December 4, 2002, Plaintiff Shawn Miles ("Plaintiff") filed an application with Defendant Commissioner of Social Security ("Defendant") for disability and disability insurance benefits. Plaintiff alleged she is disabled due to several impairments, including degenerative arthritis, spinal impairments, thyroid problems, emphysema, and depression. Defendant denied her application, and Plaintiff sought de novo review by an administrative law judge ("ALJ").

On January 20, 2005, the ALJ concluded that Plaintiff was not disabled because she had the residual function capacity ("RFC") to perform a limited range of light work and there are substantial jobs existing in the national economy which Plaintiff can perform. On March 18, 2005, Plaintiff sought review with the Appeals Council. On May 24, 2005, the Appeals Council granted review because the ALJ did not adequately consider the severity of Plaintiff's mental impairment, including Plaintiff's threat of suicide in September 2003. As required by the Appeals Council, the ALJ held a supplemental hearing on July 21, 2005. The ALJ issued a decision on March 29, 2006, determining once again that Plaintiff was not disabled or entitled to disability benefits due to her RFC.

On May 11, 2006, Plaintiff sought review with the Appeals Council based on her allegedly worsening condition, including increased thoughts of suicide, chronic pain, and depression. Plaintiff submitted a letter and a representative brief to the Appeals Council. The letter was written to Plaintiff's lawyer by Drs. Kathleen M. Regan and Deanna Scott-Hicks of the Behavioral Health Program, and is dated August 9, 2006. According to the letter, Plaintiff "has been a client at the Behavioral Health Clinic since 2001, and has been seen by the undersigned for two and three years respectively." The letter expresses the doctors' concern for Plaintiff's "emotional health due to the financial hardship she is enduring." The doctors state in the letter that Plaintiff is severely depressed and that Plaintiff reported "thinking of suicide roughly three times per week," was suffering from insomnia, and was unable to fall asleep without the use of sleeping pills and had developed an eating disorder. The letter also states that Plaintiff indicated to the doctors that the only things preventing her from committing suicide are "her children and her faith in the Catholic Church." The representative brief echoes concerns of increased "depression and chronic pain."

On May 10, 2007, the Appeals Council denied Plaintiff's request for review, stating:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. The Appeals Council has also considered the contention raised in your representative's brief, as well as the additional evidence from Dr. Kathleen M. Regan dated August 9, 2006, but concluded that neither the contentions nor the additional evidence provide a basis for changing the Administrative Law Judge's decision.

(Tr. 7-8).

On July 16, 2007, Plaintiff sought review of the ALJ's decision before this Court. The case was referred to Magistrate Judge Mona K. Majzoub for determination. On January 25, 2008, Defendant filed for summary judgment, and on March 11, 2008, Plaintiff filed for summary

judgment. On August 7, 2008, the magistrate judge issued a report and recommendation, recommending that this Court affirm the ALJ's decision, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment. The magistrate judge concluded that the ALJ's decision was based on substantial evidence, and that the August 9, 2006 letter did not require the Court to remand the case to the ALJ.

On August 14, 2008, Plaintiff objected to the report and recommendation, contending that the magistrate judge did not properly consider the August 9, 2006 letter, and that the magistrate judge should recommended that the Court remand the case to the ALJ for consideration of the letter. On August 27, 2008, Defendant responded to the objections, arguing that it was inappropriate for Plaintiff to request a remand for the first time in her objections, and that the letter was not material. For the reasons stated below, the Court will **ADOPT** the report and recommendation, **GRANT** Defendant's motion for summary judgment, and **DENY** Plaintiff's motion for summary judgment.

I

The magistrate judge adopted Defendant's statement of facts; Plaintiff did not object. The statement of facts is as follows:

> Plaintiff was thirty-two years old at the time of her alleged onset of disability, and remained a younger individual at all times through the ALJ's decision (Tr. 23, 635). She has a limited education (Tr. 23, 637). She worked in the past as a motel housekeeper (Tr. 23, 637, 653). She said she stopped working after injuring her back while at work (Tr. 636-37). She said she was limited in her ability to sit, stand, or walk for long periods (Tr. 638). She also described seeing a counselor and taking medication for depression (Tr. 640-43).
>
> Plaintiff maintains a household and cares for her three young children, whom she drives where they need to go (Tr. 635, 647). She said she spent a lot of time in her room, did not leave the house very often, and said her medication made her groggy (Tr. 643, 647-48).
>
> The record documents that Plaintiff has a history of back pain complaints and degenerative spinal changes predating her alleged onset of disability (Tr. 119, 129). In February 2002, she complained of an abrupt onset of back pain while moving furniture at work (Tr. 97). She was diagnosed as having strained a muscle, and was instructed to avoid

lifting, pushing, or pulling for three days (Tr. 99-100). An MRI in March 2002 revealed a small disc protrusion at L4-5, which was of uncertain clinical significance (Tr. 117). In September, she slipped and fell in the shower (Tr. 109-10). X-rays revealed a fractured cervical vertebrae with no neurological involvement, and degenerative changes of the thoracic and lumbrosacral spine (Tr. 110).

In January and March 2003, Drs. Abraham and Sperl examined Plaintiff and reported that she functioned independently and required no ambulatory aids (Tr. 253, 331). Electromyogram and nerve conduction studies yielded normal results (Tr. 336).

Dr. Bartone reviewed the medical evidence of record in May 2003, and concluded that Plaintiff could perform a limited range of light work (Tr. 227-34). Psychologist Dr. Douglass reviewed the record and concluded that the evidence of record did not document the existence of a severe mental impairment (Tr. 236-49).

Plaintiff underwent a lumbar laminectomy at L4-5 in February 2004 (T4. 366-68). The following month, neurosurgeon Dr. Field described Plaintiff as neurologically intact, with no motor or sensory deficits (Tr. 363). In fact, Plaintiff inquired when she could return to work (Tr. 364). In June, Plaintiff was doing well with full ranges of motion, despite some complaints of neck pain (Tr. 500). An MRI of Plaintiff's cervical spine revealed no disc herniations (Tr. 501). In October 2004, Dr. Field described Plaintiff as neurologically intact, and walking with a normal gait (Tr. 560). In August 2005, Dr. Field examined Planitiff and detected no motor, sensory, or reflex changes (Tr. 537). In October 2005, an MRI revealed degenerative changes at the site of her prior surgery (Tr. 565).

The record shows that Plaintiff saw a therapist from December 2001 through July 2003 for depressive symptoms (Tr. 373-471, 484-99).

The ALJ asked Donald Hecker, the vocational expert at Plaintiff's administrative hearing, whether jobs existed that Plaintiff could perform if she were capable of simple, one to three step light-level work which did not require more than limited concentration, allowed her to alternate between sitting and standing at will, and did not require prolonged walking, standing, or lifting, or involve repetitive bending, twisting, turning, climbing, squatting, or kneeling (Tr. 655). Mr. Hecker testified that such an individual could perform a significant number of light-level jobs in the regional economy including work as a bench assembler, checker/packager, or security guard (Tr. 656).

The ALJ and magistrate judge also considered evidence relevant to Plaintiff's mental impairments, including that Plaintiff was treated at Tribal Mental Health, beginning in 2001, that she threatened suicide in September 2003, and that she was diagnosed in December 2003 with major depressive disorder, recurrent. (Tr. 20).

II

While the parties' cross-motions for summary judgment centered on whether the ALJ's

findings were supported by "substantial evidence," Plaintiff did not object to the magistrate judge's finding that the ALJ's decision was supported by substantial evidence. Rather, Plaintiff objects that the magistrate judge erred by not considering the August 9, 2006 letter written to Plaintiff's lawyer, and that the magistrate judge erred by not remanding the case to the ALJ for consideration of this letter.

First, the magistrate judge's conclusion was correct that the Court cannot consider the August 9, 2006, letter in its review of whether the ALJ's decision was based on substantial evidence. The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (noting that the Sixth Circuit has "repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review") (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). Plaintiff's August 9, 2006, letter was not evidence that was available to the ALJ, as the letter postdates the ALJ's most recent decision of March 29, 2006. Plaintiff never submitted the letter to the ALJ, only to the Appeals Council, subsequent to the ALJ's decision. Thus, Plaintiff's objection that the magistrate judge erred by not considering the report is without merit.

Second, the magistrate judge's conclusion is correct that the August 29, 2006 letter does not require the Court to remand the case to the ALJ for reconsideration in light of the letter. As the magistrate judge recognized, remand is only appropriate where there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in

a prior proceeding." 42 U.S.C. § 405(g); *Foster*, 279 F.3d at 357. To be "new," the evidence must have been "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). To be "material," there must be "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). To demonstrate "good cause," a claimant must show "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster*, 279 F.3d at 357 (citing *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (per curiam). The party seeking remand has the burden of showing that it is warranted. *See Sizemore*, 865 F.2d at 711. The magistrate judge concluded remand was not warranted because Plaintiff's evidence was not new and material, and that Plaintiff did not show good cause for failing to present the evidence to the ALJ in earlier proceedings.

The magistrate judge found that the evidence was not new and material because the ALJ had considered evidence from the same mental health treatment provider, including Plaintiff's September 2003 threats of suicide. The magistrate judge also found the letter was not material because it does not indicate the time period to which it relates. *Id.* at 712 (finding that evidence of a deteriorating condition is not relevant when it "does not demonstrate the point in time that the disability itself began"). In addition, the magistrate judge emphasized that "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 974 F.2d at 685 (citing *Sizemore*, 865 F.2d at 712). The magistrate judge concluded that the August 9, 2006 letter merely describes Plaintiff's deteriorating condition, and therefore was not material. Finally, the magistrate judge concluded that Plaintiff did now show "good cause" for failing to provide the

letter earlier, because Plaintiff did not provide the magistrate judge with any explanation for providing the letter.

In her objections, Plaintiff claims that the letter is "new and material" and "good cause" exists for Plaintiff's failure to present the evidence earlier. Plaintiff asserts the report is new because it was not previously available to her due to the fact that she was not seeing the doctor who prepared the report between 2003 and August 2006, and did not tell her attorney she was seeking treatment from the doctor again. Plaintiff asserts that the letter is material, as it indicates that Plaintiff considers suicide approximately three times a week, which is a significant increase in suicidal ideations than prior evidence suggested. Plaintiff states that given the information provided in the letter, it is unlikely that Plaintiff would be employable, as there would be a significant risk of harm to others in the workplace if Plaintiff carried out her suicidal thoughts. Thus, Plaintiff concludes that there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.[1]

Plaintiff's August 9, 2006 letter is not new and material, nor has Plaintiff shown good cause for failing to submit it to the ALJ in earlier proceedings. Plaintiff's evidence is not "new" because she could have requested another assessment by her doctor after the first denial by the ALJ in January 2005. The ALJ did not conduct the supplement hearing until July 2005, and did not issue its decision until March 2006. *See Templeton v. Comm'r of Soc. Sec.*, 215 F.App'x 458, 464 (2007) (finding the evidence was not "new" when the "plaintiff could have requested a second assessment

---

[1] Defendant's response to Plaintiff's objections raises two issues. First, Defendant argues that the August 9, 2006 letter is not material. This argument will be addressed in the following discussion. Second, Defendant argues that Plaintiff did not request a remand in front of the magistrate judge, and should not be allowed to do so for the first time in her objections to the report and recommendation. This argument is without merit, as the Court can raise the issue sua sponte. *See Street v. Comm'r of Soc. Sec.*, 390 F. Supp. 2d 630, 640-41 (E.D. Mich. 2005).

by [the doctor]. . . after the first denial of his application").

Plaintiff's letter is also not "material," because it does not suggest there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. As the magistrate judge pointed out, the ALJ had already considered Plaintiff's threats of suicide in September 2003. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (2005) (upholding district court's determination that evidence was not "new and material" when it was "largely cumulative"). In addition, Plaintiff admits she did not seek additional treatment from the doctors who wrote the letter until August 2006. It is well-settled that "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt*, 974 F.2d at 685 (citing *Sizemore*, 865 F.2d at 712). Moreover, the Appeals Council considered the August 9, 2006 letter and determined that it did not "provide a basis for changing the Administrative Law Judge's decision." Thus, Plaintiff's August 9, 2006 letter is not new and material.

Finally, even if the letter could be construed as new and material, Plaintiff has not shown good cause for failing to submit it in an earlier proceeding. While Plaintiff asserts that she could not submit it earlier, because it was not available earlier, Plaintiff must show good cause for failing to obtain the additional information earlier, not merely failing to submit it. *See Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (1986) (holding that "in order to show good cause the complainant must give a valid reason for his failure to obtain evidence prior to the hearing") (citing *Willis*, 727 F.2d at 554); *Foster*, 279 F.3d at 357 (emphasizing that when "the Appeals Council remanded this matter for further consideration of [the petitioner's] mental impairments . . . , [the petitioner] had more than a year and a half to present new evidence to the ALJ"); *Cline*, 96 F.3d at

149 (finding no showing of good cause when post-hearing, the claimant's attorney failed to notify the ALJ that he had decided to send his client for a psychiatric evaluation, and the evaluation was not completed until after the ALJ issued a decision). Plaintiff has not advanced any reasons for not obtaining the information contained in the August 9, 2006 letter during the proceedings before the ALJ; thus, Plaintiff has not shown good cause for failing to submit the information to the ALJ.

Ultimately, Plaintiff has not shown that remand is required because the August 9, 2006 letter is not new and material, nor has Plaintiff shown good cause for failing to submit it in an earlier proceeding before the ALJ. Thus, the Court will not remand the case for consideration of the August 9, 2006 letter.

Finally, under the governing standards, the Court agrees with the magistrate judge that the ALJ's decision was within the range of discretion allowed by law and is supported by substantial evidence.

IV

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 15] is **ADOPTED**, and that Plaintiff's objections to the report and recommendation [Dkt. # 16] are **OVERRULED**. It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. # 9] is **GRANTED**, and that Plaintiff's motion for summary judgment [Dkt. # 13] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2008.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS